UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF PUERTO RICO

In Re:

Procedures for the Filing, Service, and Management of Highly Sensitive Documents

Misc. No. 21- 056 (GAG)

**GENERAL ORDER**

**WHEREAS**, in response to recent disclosures of wide-spread breaches of both private sector and government computer systems, federal courts are adding new security procedures to protect highly sensitive documents (HSDs) filed by means of the courts' Case Management/Electronic Filing System (CM/ECF);

**WHEREAS**, the court finds that, pursuant to Federal Rule of Civil Procedure 5(d)(3)(A) and Federal Rule of Criminal Procedure 49(b)(3)(A), good cause exists to require the filing of HSDs outside of the court's CM/ECF;

**THEREFORE, IT IS HEREBY ORDERED** that, effective as of the date of this Order and until such time as the Court orders otherwise, the filing of HSDs shall be subject to the procedures and requirements set forth herein. This General Order supersedes any and all inconsistent provisions in existing Local Rules or other General Orders of this Court.

1. **General Definition of HSDs.** HSDs are documents that contain highly sensitive information that is likely to be of interest to the intelligence service of a hostile, foreign government and whose use or disclosure by such government would likely cause significant harm. HSDs also include documents with highly sensitive information whose disclosure could jeopardize the safety of specific individuals. The standard for designating a document as an HSD is higher than the standard for filing a document under seal. Very few documents that may be routinely filed under seal will contain highly sensitive information or be considered HSDs.

2. **Documents Subject to this Order**

    (a) <u>Authorized HSDs</u>.  The following types of documents are deemed HSDs:

    (i) Applications for interception of wire, oral or electronic communications pursuant to 18 U.S.C. §2518, and related documents, including search warrants; and

    (ii) All orders granting, authorizing or denying the aforementioned documents.

    A party seeking to file an authorized HSD need not file a motion to treat the document as an HSD.  The HSD shall be filed in accordance with the procedures set forth in Section 3 of this Order.

    (b) <u>Documents that may be considered HSDs</u>**.**  Documents containing the following types of information may be considered HSDs:

    (i) National security;

    (ii) Foreign sovereign interests;

    (iii) Cybersecurity;

    (iv) Highly sensitive domestic or international issues;

    (v) Ongoing law enforcement investigations or intelligence gathering operations;

    (vi) Information that would put at risk the safety of public officials, other specific individuals, or the integrity of government operations; and

    (vii) Non-public intellectual property, including trade secrets.

    A party seeking HSD designation for a document shall file a motion requesting that the document be treated as an HSD, in accordance with the procedures set forth in Section 4 of this Order.  The party's motion shall explain why such document is highly sensitive or why it should otherwise be subject to the heightened protection for HSDs.  Any dispute as to whether a document is an HSD shall be resolved by the presiding judge, or the chief judge if the case has not been assigned.

    (c) <u>Documents that are generally not HSDs</u>. The following types of documents generally are not considered HSDs:
      (i) Sealed criminal complaints, indictments, and informations;
      (ii) Search warrants;
      (iii) Presentence reports, pretrial release reports, and related documents;
      (iv) Pleadings related to cooperation in most criminal cases, including plea supplements and safety valve which shall continue to be governed by Local Criminal Rule 111;
      (v) Social security records; and
      (vi) Administrative immigration records.

<u>Most sealed filings in criminal and civil cases do not constitute HSDs</u>. The fact that a document qualifies for filing under seal does not mean that it satisfies the criteria for HSD designation. Documents will not be considered HSDs solely because they include personal identifying information, medical records or information, or financial information about an entity or individual.

**3. Filing of Authorized HSDs.**
    (a) A party filing an authorized HSD pursuant to this Order shall submit to the Clerk's Office the original and two copies of the authorized HSD, the certificate of service, and any additional copies as determined by the Clerk's Office.
    (b) The required documents shall be submitted to the Clerk's Office unfolded in a sealed envelope marked "HIGHLY SENSITIVE DOCUMENT." The outside of the envelope shall include the case number, if applicable, and the presiding judge or, if one is not assigned, the chief judge.

The Clerk's Office will make an informational docket entry in the Court's CM/ECF indicating that the authorized HSD was filed with the Court and will maintain the HSD in a secure paper filing system.

4. **Filing of Motions to Treat a Document as an HSD.**
   (a) <u>Represented Parties</u>
      (i) Unless deemed an authorized HSD pursuant to Section 2(a) of this General Order, a represented party, including the Government, shall electronically file a motion to treat a document as an HSD in CM/ECF. A copy of the HSD sought to be filed <u>shall not</u> be filed electronically.
      (ii) The party seeking to file a document as an HSD shall deliver the original and two copies of the following documents, packaged as specified in Section 3(b) of this General Order, directly to the Clerk's Office <u>without electronically filing the same</u>:
         (1) the HSD sought to be filed;
         (2) a supporting affidavit or, if appropriate, a memorandum of law setting forth the reasons why the document should be treated as an HSD or why it should otherwise be subject to the heightened protection for HSDs as described in Section 2(b) of this General Order, and citing the event that would bring the heightened protection status to an end; and
         (3) a certificate of service.
      (iii) When service on other parties is required, the filing party shall serve the HSD as follows:
         (1) Civil cases – by any manner specified in Fed. R. Civ. P. 5(b)(2), except for service via CM/ECF;
         (2) Criminal cases – by any manner specified in Fed. R. Crim. P. 49(a)(3)(B) or (a)(4).
      (iv) Court order on the motion to treat a document as an HSD.
         (1) If the court determines that the order contains highly sensitive information, it shall direct the Clerk's Office to docket and maintain the order in a secure paper filing system. The Clerk's

> Office will make an informational docket entry in CM/ECF indicating that the order has been entered.
>
> (2) If the court order does not contain highly sensitive information, it will be filed in CM/ECF.
>
> (3) If the court denies the motion to treat a document as an HSD, the Clerk's Office shall upload the document and accompanying submissions to the corresponding informational docket entry in CM/ECF.

5. *Pro Se* **Parties**

   (a) *Pro Se* parties shall submit to the Clerk's Office for filing a motion to treat a document as an HSD, the original and one copy of the HSD sought to be filed, and a certificate of service. These documents should be packaged as specified in Section 3(b) of this General Order.

   (b) When service on other parties is required, the *pro se* filing party shall serve the proposed HSD on the other parties as specified in Section 4(a)(iii) of this General Order.

   (c) Court order on the *pro se* motion to treat a document as an HSD.

   (i) If the court determines that the order contains highly sensitive information, it shall direct the Clerk's Office to docket and maintain the order in a secure paper filing system. The Clerk's Office will make an informational docket entry in CM/ECF indicating that the order has been entered.

   (ii) If the court order does not contain highly sensitive information, it will be filed in CM/ECF.

   (iii) If the court denies the *pro se* motion to treat a document as an HSD, the Clerk's Office shall upload the document and accompanying submissions to the corresponding informational docket entry in CM/ECF.

6. **Service of Court Orders Containing Highly Sensitive Information.**
    (a) If the court grants the motion to treat a document as an HSD <u>and</u> the court determines that the order contains highly sensitive information, the Clerk's Office shall serve paper copies of the order on the parties via U.S. Postal Service regular or certified mail, or via private delivery carrier.
7. **Retention of HSDs.**
    (a) The court shall maintain all HSDs in a secure paper filing system in accordance with the judiciary policy for records disposition.
8. **Removal of Existing HSDs or Highly Sensitive Cases from CM/ECF.**
    (a) Upon motion of a party or upon the court's own motion, the court may determine that a document, case, or any portion thereof that has been filed electronically is highly sensitive. The court may direct that the HSD or case be removed from CM/ECF and maintained by the Clerk's Office in a secure paper filing system.
    (b) A party's motion seeking to remove an HSD or highly sensitive case from CM/ECF shall explain why such document or case is highly sensitive or why it should otherwise be subject to the heightened protection for HSDs, as described in Section 2(a) or 2(b) of this General Order.
        (i) If the court determines that the order contains highly sensitive information, it shall direct the Clerk's Office to docket and maintain the order in a secure paper filing system. The Clerk's Office will make an informational docket entry in CM/ECF indicating that the order has been entered.
        (ii) If the court order does not contain highly sensitive information, it will be filed in CM/ECF.
        (iii) If the court denies the motion to remove an HSD or highly sensitive case from CM/ECF, no further action is required.
    (c) In such instances where the court directs that an HSD or highly sensitive case be removed from CM/ECF to be maintained in a secure paper filing

system, the Clerk's Office shall modify the HSD electronic docket entry or the electronic docket of the highly sensitive case to preserve the case numbering, judge assignment, and docket numbering, ensuring that all entries and case data are strictly informational in nature.

9. **Return of an HSD Document to CM/ECF.**

    (a) A party may file a motion seeking to end or extend HSD status.

    (b) HSDs and related documents will become public in the same manner as documents previously subject to sealing on CM/ECF.

    (c) When an HSD is to be made public, the Clerk's Office will upload the document to CM/ECF.

10. **Sealed Filing Procedures.**

    (a) This General Order does not alter any procedures for the filing under seal of sensitive or confidential pleadings which do not meet the definition of an HSD.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of February, 2021.

_____
Gustavo A. Gelpí
Chief United States District Judge